UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHARLES G. BATEMAN, III,

                            Plaintiff,

v.

THE PERMANENT MISSION OF CHAD TO
THE UNITED NATIONS IN NEW YORK,

                            Defendant.
---------------------------------------------------------X
THE PERMANENT MISSION OF CHAD TO
THE UNITED NATIONS IN NEW YORK,

                        Third-Party Plaintiff,

v.

HILT CONSTRUCTION AND
MANAGEMENT CORP.,

                        Third-Party Defendant.
---------------------------------------------------------X

**MEMORANDUM OPINION
AND ORDER**

18-CV-00416 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Charles G. Bateman, III ("Plaintiff") commenced this action against Defendant The Permanent Mission of Chad to the United Nations in New York ("Chad") alleging claims for relief sounding in negligence and violations of New York Labor Law §§ 240 and 241, and Section 23 of the Industrial Code of the State of New York in connection with an accident that occurred at the construction site during the renovation of a residence for the Ambassador for the Republic of Chad to the United Nations (the "Complaint"). (Doc. 2, "Compl."). On June 7, 2018, Chad filed its Amended Answer to the Complaint ("Chad's Answer") (Doc. 17), and on August 10, 2018, Chad commenced a third-party action (the "Third-Party Complaint") against Hilt Construction and Management Corp. ("Hilt"). (Doc. 23). Hilt filed its Answer to the Third-Party Complaint and

Counterclaim against Chad on December 6, 2018. (Doc. 39). Chad served (but apparently did not file) an answer to Hilt's counterclaim. (Doc. 64-6).

This action had been referred[1] to Magistrate Judge Smith on July 18, 2018 for general pre-trial administration, including scheduling, discovery, non-dispositive pre-trial motions, and settlement. (Doc. 19). The parties appeared for approximately eight conferences with Magistrate Judge Smith, and following the close of discovery, the parties sought and were granted permission to make various motions. On March 13, 2020, Chad filed a motion for summary judgment (Doc. 65; Doc. 66, "Chad SJ Br."), and Hilt filed its motion for summary judgment (Doc. 59; Doc. 61). On June 26, 2020, Hilt and Chad opposed each other's motions for summary judgment (Docs. 77-81), and Plaintiff filed both a cross-motion to strike Chad's Answer and its opposition to Hilt's motion for summary judgment. (Doc. 82; Doc. 84, "Pl. Br."). On July 24, 2020, Chad and Hilt filed replies in further support of their motions for summary judgment (Docs. 86-89), and Chad filed its opposition to Plaintiff's cross-motion (Docs. 90, 91). On August 7, 2020, Plaintiff filed his reply with respect to his cross-motion to strike. (Doc. 92).[2]

For the reasons set forth below, Chad's motion for summary judgment is DENIED; Hilt's motion for summary judgment is DENIED; and Plaintiff's motion for sanctions is GRANTED in part.

## **STANDARD OF REVIEW**

### I.     Summary Judgment

Chad and Hilt each moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Chad seeks an order dismissing Plaintiff's Complaint and granting summary

---

[1] The referral order was entered by Judge Karas, who presided over this case before it was reassigned to this Court on April 16, 2020.

[2] Citations to the parties' briefs correspond to the pagination generated by ECF.

judgment to it on the Third-Party Complaint for common law and contractual indemnification against Hilt; Hilt seeks summary judgment dismissing both Plaintiff's Complaint and the Third-Party Complaint.

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F. Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-5486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial . . . ." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all

reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts. . . ." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must also establish its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805 F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Gonzalez v. Rutherford Corp.*, 881 F. Supp. 829, 834 (E.D.N.Y. 1995) (explaining "that summary judgment is appropriate only when . . . law supports the moving party"); *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (summary judgment is appropriate when "the law so favors the moving party that entry of judgment in favor of the movant . . . is proper"). This standard applies equally to claims for relief and affirmative defenses. *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010) ("The same standard applies whether summary judgment is granted on the merits or on an affirmative defense . . . .").

II.     Sanctions

Federal Rule of Civil Procedure 37(d) provides that the Court may, on motion, order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(A)(i). Sanctions that may be imposed under Rule 37(d) include, among others, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A), (d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Striking an answer, like dismissal or entry of default, is a drastic remedy generally to be used only when the district judge has considered lesser alternatives." *Pelgrift v. 355 W. 51st Tavern Inc.*, No. 14-CV-8934, 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016). Further, "[b]efore the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988). In considering whether to impose sanctions pursuant to Rule 37(d), courts consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citations omitted).

## ANALYSIS

I.   Chad's Motion for Summary Judgment

Chad argues that Plaintiff's first claim for relief fails because Chad was not involved at the construction site and thus free of negligence as a matter of law; and that Plaintiff's second and third claims under Labor Law §§ 240 and 241 should be dismissed under the exemptions set forth in those statutes. Chad further seeks summary judgment on its claim for contractual indemnity against Hilt on the grounds that the language set forth in the contract between Chad and Hilt is clear, and on its claim for common law indemnity against Hilt on the grounds that Chad was not negligent and its liability, if any, will be strictly statutory.

With respect to Chad's argument concerning the first claim for relief, the Court disagrees that there is no triable issue of fact concerning Chad's involvement at the construction site. "To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Clark v. Target Corp.*, No. 18-CV-5865, 2020 WL 2115348, at *3 (S.D.N.Y. May 4, 2020) (internal citations and quotation marks omitted). In this case, the duty at issue is "the common law duty 'to protect the health and safety of employees.'" *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 44 F. Supp. 3d 409, 431 (S.D.N.Y. 2014) ("*WTC*") (quoting *In re Joint E. & S. Dist. Asbestos Litig.*, 827 F. Supp. 1014, 1052-53 (S.D.N.Y.1993), *aff'd in part rev'd in part on other grounds*, 52 F.3d 1124 (2d Cir. 1995)). Liability is determined under either the "means and method" standard or the "premises liability" standard.[3] *Id.*

---

[3] These standards are discussed in cases concerning New York Labor Law § 200. The common law of negligence in New York is codified at New York Labor Law § 200, and courts analyze such claims simultaneously; thus, under these circumstances, the Court does not find Plaintiff's citation to cases analyzing liability under § 200 to be inappropriate. *See Wojcik v. 42nd St. Dev. Project*, 386 F. Supp. 2d 442, 456 (S.D.N.Y. 2005) (collecting cases).

Under the "means and method" standard, "[t]o be held liable for injuries arising from the manner in which work was performed, a defendant 'must have actually exercised supervision and control over the work performed at the site.'" *Dwyer v. Goldman Sachs Headquarters LLC*, 819 F. Supp. 2d 320, 329 (S.D.N.Y. 2011) (quoting *McLeod v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter Day Saints*, 839 N.Y.S.2d 164, 166 (App. Div. 2007)). Under the "premises liability" standard, "a party is liable if (1) it created the dangerous condition causing the injury or (2) failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice." *WTC*, 44 F. Supp. 3d at 433. Plaintiff appears to argue that both standards apply in this action. (Pl. Br. at 28-30).

In addition to the fact that Chad failed to produce any witness to testify to these issues— discussed more fully below in connection with the Court's determination on Plaintiff's motion for discovery sanctions—the admissible evidence on this motion reveals that Chad personnel were present and supervised work at the site. (Doc. 67-7, "Mahon Decl." Ex. H, "Bateman Dep." at 127:25-129:17; Doc. 83-1, "Ecker Decl." Ex. 1, "Ahmed Dep." at 22:14-17, 23:25-24:5, 24:6-23, 26:24-27:8, 34:22-35:13, 35:23-36:15). Although the mere presence of a defendant at a worksite and daily monitoring for safety violations are insufficient to satisfy the "means and method" standard of liability, *WTC*, 44 F. Supp. 3d at 432, the extent to which Chad exercised supervisory control and the scope of its input on Plaintiff's methods, how the work was to be performed, at what location the work was to be performed, and the scope of its knowledge concerning the conditions at the construction site are genuine issues of material fact that are unresolved at this stage of the litigation. Accordingly, Chad's motion for summary judgment dismissing the first claim for relief is denied.

With respect to Plaintiff's second and third claims for relief, the Labor Law excludes "owners of one and two-family dwellings who contract for but do not direct or control the work" from absolute liability when a worker is injured. N.Y. Lab. Law §§ 240(1), 241. There is no genuine issue of fact that the subject property upon which the accident occurred qualifies as a one-family dwelling. (Doc 64-7, "Rome Decl." Ex. H, "Construction Contract" at 1 (scope of work was "to renovate [Chad's] Ambassador's residence . . . in a residential area designated as a R1-15 zone"; *id*. Ex. I at 1 ("one-family dwelling" in R1-15 zoned property); *id*. Ex. M (R1-15 zoning classification is "One Family Residence")). Whether Chad "direct[ed] or control[led] the work" such that the exemptions set forth in Labor Law §§ 240 and 241 apply, however, is unresolved for the same reasons discussed *supra* concerning Plaintiff's negligence claim. Accordingly, Chad's motion for summary judgment dismissing the second and third claims for relief is denied.

Chad's motion for summary judgment on its claims for contractual and common law indemnity is denied as well. The Construction Contract provides, in relevant part, as follows:

> To the fullest extent permitted by law, [Hilt] shall indemnify and hold harmless [Chad] . . . from and against claims, damages, losses and expenses . . . arising out of or resulting from performance of the Work, *provided that* such claim, damage, loss or expense is attributable . . . to injury . . . , *but only to the extent caused by the negligent acts or omissions of [Hilt]* . . . regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder.

(Construction Contract § 8.12 (emphasis added)). The Court simply cannot grant summary judgment to Chad for contractual indemnity at this stage of the case. In addition to the triggering requirement that Hilt be found to have been negligent—which is an unresolved issue of fact— whether Chad directed, supervised, or controlled the work giving rise to the injuries sustained by Plaintiff, as discussed above, are also disputed issues of fact that cannot be resolved on these motions. "Summary judgment is difficult to obtain in negligence actions because whether conduct

is 'negligent' is a factual determination in all but the most extreme circumstances." *Rosa ex rel. Est. of Acevedo v. Perelli*, No. 02-CV-2290, 2004 WL 1237510, at *3 (S.D.N.Y. June 3, 2004) (citing *King v. Crossland Savings Bank*, 111 F.3d 251, 259 (2d Cir. 1997); *INA Aviation Corp. v. United States*, 468 F.Supp. 695, 699 (E.D.N.Y. 1979) ("[N]egligence questions are properly resolved at trial because, upon a motion for summary judgment, a court may not try issues of fact; it may only determine whether there are factual issues to be tried.")). Accordingly, that branch of Chad's motion seeking summary judgment on its claim for contractual indemnity is denied.

Chad moved also for summary judgment on its claim for common law indemnity. As Chad argued, "[t]o be entitled to common law indemnification, a party must show that it has been held vicariously liable without proof of any negligence or actual supervision on its part, and that the indemnitor was either negligent or had the authority to direct, supervise and control the work giving rise to the injury." (Chad SJ Br. at 20 (citing New York caselaw)); *see also Matzinger v. MAC II, LLC*, No. 17-CV-4813, 2018 WL 3350328, at *2 (S.D.N.Y. July 9, 2018) ("[A] party cannot obtain common law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part." (internal citations omitted)). Under New York law, "common-law indemnity is 'barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff.'" *Amguard Ins. Co. v. Getty Realty Corp.*, 147 F. Supp. 3d 212, 220 (S.D.N.Y. 2015) (quoting *Monaghan v. SZS 33 Associates, L.P.*, 73 F.3d 1276, 1284 (2d Cir. 1996)). Because the Court simply cannot determine on the present record whether Chad was negligent, or actually supervised the subject work, this branch of Chad's motion is likewise denied.

II.     Hilt's Motion for Summary Judgment

Hilt's motion for summary judgment contends that Plaintiff's action is barred by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* ("FSIA"); that Plaintiff's first claim for relief fails because Chad is free of negligence as a matter of law; and that Plaintiff's second and third claims under Labor Law §§ 240 and 241 should be dismissed under the exemptions set forth therein. Hilt further seeks dismissal of the Third-Party Complaint on the grounds that either dismissal of Plaintiff's Complaint renders the Third-Party Complaint moot, or because Chad's failure to produce a witness will result in preclusion of any claims against Hilt. Finally, Hilt seeks summary judgment dismissing the fourth claim for relief in the Third-Party Complaint for breach of contract.

Hilt's FSIA argument that Plaintiff's action is barred because the contract for the renovation of a diplomat's residence is not a "commercial activity" fails as a matter of law, as the parties are aware. *Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad to the United Nations in New York*, No. 15-CV-8693, 2016 WL 3351180, at *4 (S.D.N.Y. June 15, 2016) (denying motion to dismiss in an action between the same two parties and holding that the FSIA was not a bar to an action concerning a construction contract between Chad and Hilt for renovation of a diplomat's residence because "[c]onstruction contracts are undeniably commercial" (internal citations and quotation marks omitted)). Hilt's arguments concerning Plaintiff's negligence and Labor Law claims fail for all of the same reasons set forth above concerning Chad's arguments on the same grounds.

Because the Court declines to dismiss Plaintiff's Complaint, Hilt's argument that the Third-Party Complaint is rendered moot must fail. Hilt's alternative argument that Chad's failure to produce a witness mandates dismissal of the Third-Party Complaint is likewise denied, as the Court

addresses Chad's failure to produce a witness *infra* in connection with Plaintiff's cross-motion for sanctions.

Hilt's argument concerning Chad's fourth claim for relief for breach of contract is not a model of clarity. A review of the Construction Contract reveals that Hilt was required to obtain an endorsement to its general liability insurance policy to cover its obligations under the indemnity section of the Construction Contract. (Construction Contract § 5.3). As set forth above, the indemnity section is triggered by a finding that Hilt was negligent, which is an unresolved issue of fact; and because Chad has failed to produce a witness to testify to fact issues that have been raised on the instant motions, the record does not support an award of summary judgment. Accordingly, the extent to which Chad may recover for breach of the provision concerning procuring and providing insurance for Chad, if at all, is reserved for trial.

III.   <u>Sanctions</u>

Plaintiff moves to strike Chad's Answer pursuant to Federal Rule of Civil Procedure 37, or in the alternative, for an Order granting a default judgment against Chad; an Order directing that Plaintiff's claims be taken as established for purposes of the action; an Order prohibiting Chad from opposing Plaintiff's claims, or introducing evidence seeking to refute plaintiff's Labor Law and negligence claims; or, a missing witness charge at the time of trial. The ground for Plaintiff's motion is that Chad failed and refused to ever produce a single witness for a deposition in the action, notwithstanding multiple Orders to do so. (Pl. Br. at 2, 13-15).

Discovery in this action was supervised by Magistrate Judge Smith under Judge Karas's Order of Reference (Doc. 19). At a November 8, 2018 status conference, the Court ordered non-expert depositions to be completed by February 15, 2019. (Ecker Decl. Ex. 10 at 4).  On January 22, 2019, the Court extended discovery deadlines and ordered non-expert depositions to be

completed by March 28, 2019. (*Id.* at 6). On March 11, 2019, the Court again extended the deadline for fact and non-expert depositions to May 3, 2019. (*Id.* at 7). At a status conference on April 26, 2019, Chad's counsel advised the Court of challenges in securing permission for the Ambassador to testify on behalf of Chad. (Ecker Decl. Ex. 3 at 4:25; 5:1-12). At a June 11, 2019 conference, after the close of fact discovery, Judge Smith raised the issue of Chad's failure to produce a witness for deposition, and warned of the possibility of a missing witness charge at trial. (Ecker Decl. Ex. 4 at 4:1-12). By e-mail dated September 16, 2019, Chad's counsel advised Plaintiff's counsel that a representative on behalf of Chad would be available to testify between that date and September 27, 2019, when the United Nations General Assembly was in session. (Ecker Decl. Ex. 6). Chad failed to produce a witness in that ten-day period identified by Chad's counsel.

At the final conference held before Judge Smith on September 27, 2019, having failed to produce a witness for deposition, the Court instructed Chad's counsel that it was the "drop-dead date" to produce a witness on Chad's behalf. (Ecker Decl. Ex. 7 at 3:14). The Court noted that it believed Chad's counsel had done everything to get its client to produce a witness for deposition, but in order to move the case forward, dates were set for the filing of pre-motion letters for leave to file dispositive motions. (*Id.* at 3:15-4:2). Judge Smith further noted that if counsel received a response from its client, Chad could move before Judge Karas for leave to take a belated deposition. (*Id.*). To date, there is no indication that Chad ever produced a witness or sought permission for a belated deposition. Nor did Chad seek a protective order from the Court on the basis of diplomatic immunity or otherwise. (Pl. Br. at 15). On January 16, 2020, Judge Karas set a briefing schedule for, *inter alia*, the instant cross-motion for sanctions. (Jan. 16, 2020 Min. Entry; Doc. 55).

Here, the Court finds that imposition of sanctions is appropriate. As to willfulness, Chad's counsel made it clear to the Court that despite its numerous communications attempting to obtain a witness for its client, Chad remained unresponsive. (Ecker Decl. Ex. 4 at Ex. 4 at 4:1-23; *id.* Ex. 7 at 2:19-3:16). The defense of diplomatic immunity does not justify Chad's failure to communicate with counsel as to its discovery obligations in this lawsuit. *See Brill v. Queens Lumber Co., Inc.*, No. 10-CV-1975, 2012 WL 441287 (E.D.N.Y. Feb. 10, 2012) ("[The defendant] was clearly aware of the existence of this lawsuit and of his status as a defendant in the case. . . . His subsequent failure to communicate with counsel and his failure to notify the court and counsel of a change in address are evidence of his willful refusal to participate in the case and not a valid excuse.").

The length of Chad's noncompliance also supports the imposition of sanctions. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Vazquez v. Davis*, No. 12-CV-7630, 2014 WL 5089457, at *5 (S.D.N.Y. Sept. 19, 2014). Here, Plaintiff was delayed for more than a year in taking Chad's deposition, and still Chad has not produced a witness for a belated deposition, despite the Court's invitation to move for leave to do so. *See Hutcheon v. Farnum*, No. 18-CV-00203, 2019 WL 7971873, at *3 (N.D.N.Y. Nov. 4, 2019) (imposing harsh sanctions in case where plaintiff failed to comply with discovery obligations, in part because "witness' and parties' recollection of the[] events [underlying the action] has likely faded and will continue to fade"), *adopted by* 2020 WL 90786 (N.D.N.Y. Jan. 8, 2020); *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *3 (E.D.N.Y. Jan. 11, 2019) (finding harsh sanctions warranted for the defendants' failure to respond to discovery in part because the defendant's "unjustified prolongation of this

action . . . caused memories to fade, evidence to become stale or lost, and in these and other ways, [caused] prejudice" (internal quotation marks omitted)), *adopted by* 2019 WL 356939 (E.D.N.Y. Jan. 29, 2019).

While a sanction is clearly appropriate, the Court does not find imposition of the harshest sanction sought—that is, striking Chad's Answer—warranted here because the Court cannot conclude that lesser sanctions than striking Chad's Answer would not be effective.

Rather, the Court finds that preclusion is an appropriate sanction based on the particular facts of this case. As set forth above, Chad has failed and refused to produce a witness, depriving Plaintiff of the opportunity to obtain relevant and necessary testimony from Chad on matters that go to the very heart of this case: the nature and purpose of the premises, the scope of its supervision at the construction site and input on Plaintiff's methods, how the work was to be performed, and at what location the work was to be performed, and its knowledge of the conditions of the construction site, among other topics. Under these circumstances, merely awarding Plaintiff his expenses will not cure the prejudice he has suffered. The information at issue is uniquely within Chad's personal knowledge, and despite multiple Court Orders and warnings of the consequences of failing to produce a witness, Chad has persisted in its refusal. Under these circumstances, the Court finds it necessary to preclude Chad from offering a representative witness to testify on its behalf at trial. *See Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 269 (2d Cir. 1999) (finding district court did not abuse its discretion in precluding trial testimony from two witnesses where the plaintiff had been prejudiced by his lack of an opportunity to depose them). Any lesser sanction would put Plaintiff, through no fault of his own, at an unjustified disadvantage and could result in trial by ambush, the very thing the Federal Rules of Civil Procedure are designed to avoid. *See*

*Ginns v. Towle*, 361 F.2d 798, 801 (2d Cir. 1966) ("The basic purpose of the federal rules, particularly those concerning discovery and disclosure, is to eliminate trial by ambush . . . .").

However, the Court will not prevent Chad from introducing other evidence, apart from its own testimony. To the extent that such evidence was timely produced to Plaintiff and is otherwise admissible, he has suffered no prejudice, and the preclusion of such other evidence would be unduly harsh. *See Volkart Bros. v. M/V Palm Trader*, 130 F.R.D. 285, 290 (S.D.N.Y. 1990) (sanctions, including preclusion, should be limited to only those "necessary to rebuke [the sanctioned party's] non-compliance and to facilitate [the injured party's] litigation of this case without the requested information").

In connection therewith, the Court will also give a "missing witness" charge to the jury at trial. A court may exercise its discretion and give a missing witness charge when "a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction" yet the party fails to call those witnesses. *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988) (internal citations and quotation marks omitted). The charge allows the jury to draw an adverse inference that the testimony of the witnesses would have been unfavorable to that party. *Id.*; *Sagendorf-Teal v. Cty. of Rensselaer*, 100 F.3d 270, 275-76 (2d Cir. 1996). The Court will defer decision, however, on the precise language of the adverse inference instruction at least until the parties' final pretrial conference, and may defer further wordsmithing until the charge conference at trial. *See Ramgoolie v. Ramgoolie*, No. 16-CV-3345, 2018 WL 5619959, at *14 (S.D.N.Y. Aug. 3, 2018) (recommending that the Court instruct the jury at trial that it is permitted, but not required, to infer that the undisclosed evidence would have been unfavorable to Defendant), *adopted as modified by* 2018 WL 4266015 (S.D.N.Y. Sept. 6, 2018) (deferring decision on the

exact language of the adverse inference instruction until final pretrial conference and noting further modifications may be appropriate at the charge conference).

The Court further finds that Chad must bear Plaintiff's expenses incurred as a result of the failure to attend a deposition in September 2019, if any. Rule 37(d)(3) "provides that a court 'must' require that the party who improperly fails to attend a deposition, or its attorney, to pay 'attorney's fees' as part of the 'reasonable expenses' required to be awarded under that rule." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 151 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 37(d)(3)); *see also Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-CV-451, 2016 WL 1458239, at *1 (W.D.N.Y. Apr. 14, 2016) (Rule 37(d)(3) "requires the court to award reasonable expenses including attorneys [sic] fees to the prevailing party unless the failure was substantially justified or an award of expenses would be unjust"). Here, Chad's failure to produce a witness for deposition, and its suggestion it would produce a witness in a ten-day window in September 2019 but then did not, was not substantially justified. Chad has not identified any other circumstances that would render the imposition of a monetary sanction unjust in this case. The Court thus must require either Chad or its counsel to pay Plaintiff's reasonable expenses.

In this case, because Chad's counsel undertook several good faith efforts to contact Chad and urge it to produce a witness, but was unable to do so as a result of Chad's conduct, the Court does not find that Chad's counsel should be required to pay Plaintiff's expenses. Instead, the Court will require payment from Chad. *Moore v. Peters*, No. 13-CV-06271, 2021 WL 248011, at *5 (W.D.N.Y. Jan. 26, 2021). Plaintiff is directed to submit documentation of his reasonable expenses, if any, incurred as a result of Chad's failure to attend a deposition in September 2019, within thirty days of entry of this Memorandum Opinion and Order. Any response shall be filed within fourteen days thereafter.

## CONCLUSION

For the foregoing reasons, the Court DENIES Hilt's and Chad's motions for summary judgment (Docs. 59, 65). The Court GRANTS in part Plaintiff's cross-motion for sanctions as set forth herein. (Doc. 82). The parties' request for oral argument on the motions is DENIED as unnecessary. (Doc. 74).

The parties are directed to appear for a pre-trial conference to be held via telephone on May 25, 2021 at 09:30 a.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831.

The Clerk of Court is respectfully requested to terminate the pending motions (Docs. 59, 65, 82).

Dated: White Plains, New York
      March 15, 2021

SO ORDERED:

_____

Philip M. Halpern
United States District Judge

17